WEAVER, J.
(concurring). I concur in and sign all of the majority opinion except part 111(B)(3), regarding stare decisis. I fully support the decision to overrule Kreiner v Fischer, 471 Mich 109; 683 NW2d 611 (2004). As I wrote in Jones v Olson, 480 Mich 1169, 1173 (2008):
By importing the concept of permanency of injury into MCL 500.3135 — a concept that is nowhere referenced in the text of the statute — the majority of four (Chief Justice Taylor and Justices Corrigan, Young, and Markman), in Kreiner v Fischer, 471 Mich 109 (2004), actively and judicially legislated a permanency and temporal requirement to recover noneconomic damages in automobile accident cases. The Kreiner interpretation of MCL 500.3135 is an unrestrained misuse and abuse of the power of interpretation masquerading as an exercise in following the Legislature’s intent.
With regard to the policy of stare decisis, my view is that past precedent should generally be followed but that to serve the rule of law, in deciding whether wrongly decided precedent should be overruled, each case should be looked at individually on its facts and merits through the lens of judicial restraint, common sense, and fairness. I agree with the sentiment recently expressed by Chief Justice Roberts of the United States Supreme Court in his concurrence to the decision in Citizens United v Fed *224 Election Comm, 558 US_,_; 130 S Ct 876, 920; 175 L Ed 2d 753, 806 (2010), when he said that
stare decisis is neither an “inexorable command,” Lawrence v. Texas, 539 U. S. 558, 577 [123 S Ct 2472; 156 L Ed 2d 508] (2003), nor “a mechanical formula of adherence to the latest decision,” Helvering v. Hallock, 309 U. S. 106, 119 [60 S Ct 444; 84 L Ed 604] (1940) .... If it were, segregation would be legal, minimum wage laws would be unconstitutional, and the Government could wiretap ordinary criminal suspects without first obtaining warrants. See Plessy v. Ferguson, 163 U. S. 537 [16 S Ct 1138; 41 L Ed 256] (1896), overruled by Brown v. Board of Education, 347 U. S. 483 [74 S Ct 686; 98 L Ed 873] (1954); Adkins v. Children’s Hospital of D. C., 261 U. S. 525 [43 S Ct 394; 67 L Ed 785] (1923), overruled by West Coast Hotel Co. v. Parrish, 300 U. S. 379 [57 S Ct 578; 81 L Ed 703] (1937); Olmstead v. United States, 277 U. S. 438 [48 S Ct 564; 72 L Ed 944] (1928), overruled by Katz v. United States, 389 U. S. 347 [88 S Ct 507; 19 L Ed 2d 576] (1967).
Chief Justice Roberts further called stare decisis a “principle of policy” and said that it “is not an end in itself.” Id. at_; 130 S Ct at 920; 175 L Ed 2d at 807. He explained that “[i]ts greatest purpose is to serve a constitutional ideal — the rule of law. It follows that in the unusual circumstance when fidelity to any particular precedent does more to damage this constitutional ideal than to advance it, we must be more willing to depart from that precedent.” Id. at_; 130 S Ct at 921; 175 L Ed 2d at 807.[1]
*225 I agree with Chief Justice Roberts that stare decisis is a policy and not an immutable doctrine. I chose not to sign Chief Justice Kelly’s lead opinion in Petersen v Magna Corp, 484 Mich 300, 316-320; 773 NW2d 564 (2009), because it proposed to create a standardized test for stare decisis. Likewise, I do not sign the majority opinion’s stare decisis section in this case because it applies Petersen. There is no need for this Court to adopt any standardized test regarding stare decisis. In fact, it is an impossible task. There are many factors to consider when deciding whether or not to overrule precedent, and the importance of such factors often changes on a case-by-case basis.[2]
In the end, the consideration of stare decisis and whether to overrule wrongly decided precedent always *226 includes service to the rule of law through an application and exercise of judicial restraint, common sense, and a sense of fairness — justice for all.
In serving the rule of law and applying judicial restraint, common sense, and a sense of fairness to the case at hand, I agree with and join the majority opinion’s holding that Kreiner is overruled.

 It appears that the dissent in this case does not agree with Chief Justice Roberts. The dissent lists 12 cases that have been overruled by this Court in the past 18 months. While the dissenting justices may feel aggrieved by this Court overruling those 12 cases, amongst those cases were some of the most egregious examples of judicial activism that did great harm to the people of Michigan. Those decisions were made by the “majority of four,” including the dissenting justices, under the guise of ideologies such as “textualism” and “judicial traditionalism.” One of the *225 dissenting justices, Justice Young, expressed his apparent contempt for the common law and common sense in his 2004 article in the Texas Review of Law and Politics, where Justice Young stated:
Consequently, I want to focus my remarks here on the embarrassment that the common law presents — or ought to present — to a conscientious judicial traditionalist.. . .
To give a graphic illustration of my feelings on the subject, I tend to think of the common law as a drunken, toothless ancient relative, sprawled prominently and in a state of nature on a settee in the middle of one’s genteel garden party. Grandpa’s presence is undoubtedly a cause of mortification to the host. But since only the most ill-bred of guests would be coarse enough to comment on Grandpa’s presence and condition, all concerned simply try ignore him. [Young, A judicial traditionalist confronts the common law, 8 Texas Rev L & Pol 299, 301-302 (2004).]

 Over the past decade, the principal tool used by this Court to decide when a precedent should be overruled is the set of guidelines that was laid out in Robinson v Detroit, 462 Mich 439, 463; 613 NW2d 307 (2000), an opinion written by former Justice Taylor that Justices Corrigan, Young, Markman and I signed, and that I have used numerous times. By no means do I consider the Robinson guidelines a “be-all, end-all test” that constitutes precedent of this Court to be used whenever this Court considers overruling precedent. I view Robinson as merely providing guidelines to assist this Court in its legal analysis when pertinent.